**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CM TFS, LLC**,
as assignee of VFS, LLC,

     Plaintiff,

v.

**FGL GROUP, LLC, CARROLLCLEAN, LLC,**
**MONTGOMERY MANUFACTURING**
**COMPANY, LLC,** and **PETER ZEHR**,

     Defendants.

Case No.:
Honorable

---

Kimberly Ross Clayson (P69804)
Thomas Coughlin (P40561)
Jaffe Raitt Heuer & Weiss PC
Attorneys for Plaintiff
27777 Franklin Road, Suite 2500
Southfield, MI  48034
(248) 351-3000
kclayson@jaffelaw.com
tcoughlin@jaffelaw.com

---

## COMPLAINT

Plaintiff CM TFS, LLC, through its attorneys Jaffe, Raitt, Heuer & Weiss P.C., states for its Complaint against Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff CM TFS, LLC is a Michigan limited liability company with its principal place of business in Oakland County, Michigan.

2.    Defendant FGL Group, LLC ("FGL") is a Texas limited liability company with its principal place of business in Garland, Texas.

3.    Defendant CarrollClean, LLC ("CarrollClean") is a Texas limited liability company with its principal place of business in Garland, Texas.

4.      Defendant Montgomery Manufacturing Company, LLC ("Montgomery") is a Texas limited liability company with its principal place of business in Garland, Texas.

5.      Defendant Peter Zehr ("Mr. Zehr") is an individual and a resident of the State of Texas and resides at 1901 North Port Court, Grapevine, Texas 76051.

6.      Subject matter jurisdiction is proper in this Court pursuant to, among other things, 28 U.S.C. § 1332(a) as diversity exists between the parties and the amount in controversy exceeds $75,000.00.

7.      Defendants have each consented to the jurisdiction of any state or federal district court located within the State of Michigan, so that this Court has both general and specific personal jurisdiction over them pursuant to both statutory and Constitutional law.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and the Defendants each consented to venue in this district.

## GENERAL BACKGROUND

9.      Plaintiff provides leases, loans, and other financial accommodations, primarily to small and mid-size companies.

### The Finance Agreements and Guarantees

10.      On or about June 3, 2020, Plaintiff's predecessor in interest, VFS, LLC as lender and Defendants FGL, CarrollClean and Montgomery as co-borrowers entered into an Equipment Finance Agreement including the Addendum (collectively, the "Finance Agreement 1," **Exhibit A**) for the purchase of certain equipment for use in a manufacturing facility located at 2900 W. Kingsley Rd., Garland, Texas 75041.

4870-6163-3036.v3

11.     On or about June 9, 2020, Plaintiff's predecessor interest, VFS, LLC and Defendants FGL, CarrollClean and Montgomery as co-borrowers entered into a second Equipment Finance Agreement including Equipment Schedule A (collectively, the "Finance Agreement 2," **Exhibit B**) for the purchase of additional equipment in the same manufacturing facility located at 2900 W. Kingsley Rd., Garland, Texas 75041.

12.     The equipment financed under Finance Agreement 1 and Finance Agreement 2 will be collectively referred to as the "Manufacturing Equipment."

13.     Finance Agreement 1 and Finance Agreement 2 will collectively be referred to as the "Finance Agreements."

14.     Defendant Mr. Zehr personally guaranteed both Finance Agreements on June 3, 2020 and June 9, 2020 respectively ("Finance Agreement 1 Guaranty" **Exhibit C,** and "Finance Agreement 2 Guaranty" **Exhibit D –** or referred to collectively as the "Guaranties.")

15.     Under the Finance Agreements, VFS advanced the purchase price for the Manufacturing Equipment to the vendors and the vendors delivered the Manufacturing Equipment to FGL, CarrollClean and Montgomery who accepted delivery of the Manufacturing Equipment.

16.     In each of the Finance Agreements FGL, CarrollClean and Montgomery agreed to inspect the Manufacturing Equipment "to determine if it is in good working Order."  (Ex. A at paragraph 1 and Ex. B at paragraph 1)  Each of the Financing Agreements further provides that the Manufacturing Equipment "will be deemed irrevocably accepted by you and your obligations under the EFA will begin on the Acceptance Date, which is the earlier of: a) the date of acceptance indicated on the Acceptance Certificate signed by you, or b) 3 days after delivery of

the Equipment to you if you have not previously given written notice that the Equipment is not accepted." (Ex. A at paragraph 1 and Ex. B at paragraph 1)

17.     The Defendants executed the Delivery and Acceptance Certificate for Finance Agreement 1 (**Exhibit E**), which provides that the Manufacturing Equipment "described on Schedule A (Equipment Finance Agreement), has been delivered, and inspected and is unconditionally and irrevocably accepted by you as satisfactory for all purposes of this Equipment Finance Agreement." (Ex. E at paragraph B)

18.     The Defendants executed the Delivery and Acceptance Certificate for Finance Agreement 2 (**Exhibit F**), which provides that "described on Schedule A (Equipment Finance Agreement), has been delivered, and inspected and is unconditionally and irrevocably accepted by you as satisfactory for all purposes of this Equipment Finance Agreement." (Ex. F at paragraph B)

19.     Each of the Finance Agreements contemplated a term of 36 months.

20.     Under Finance Agreement 1, FGL, CarrollClean and Montgomery agreed to purchase equipment subject to Finance Agreement 1 for $550,000 and the Defendants financed $500,000 of the purchase price.

21.     Under Finance Agreement 2, FGL, CarrollClean and Montgomery agreed to purchase equipment subject to Finance Agreement 2 for $462,175 and the Defendants financed $309,740 of the purchase price.

22.     Under Finance Agreement 1, FGL, CarrollClean and Montgomery agreed to make 36 monthly payments to VFS in the amount of $16,055 per month and a balloon payment of $50,000.  (Ex. A at p. 1.)

4870-6163-3036.v3

23.     Under Finance Agreement 2, FGL, CarrollClean and Montgomery agreed to make 36 monthly payments to VFS in the amount of $9,945.75 and a balloon payment of $30,974. (Ex. B at p. 1)

24.     Under sections 1 and 9 of the Finance Agreements, all amounts not paid by FGL, CarrollClean and Montgomery when due are to be paid in a sum equal to the present value of all unpaid finance payments discounted at 2% per year plus a 15% late charge for each late payment together with all other costs incurred due to Defendants' default.  (Ex. A at §1, 9; Ex. B at § 1, 9.)

25.     Under Section 9 of the Finance Agreements, FGL, CarrollClean and Montgomery are required to pay all costs of enforcement and collection, including attorneys' fees, incurred by VFS as a result of any default.  (Ex. A at § 9; Ex. B at § 9.)

26.     Under Section 7 of the Finance Agreements, FGL, CarrollClean and Montgomery agreed that the Manufacturing Equipment would be subject to VFS's security interest and under Section 9 of the Finance Agreements FGL, CarrollClean and Montgomery each agreed upon an event of default to return the Manufacturing Equipment to VFS and to allow VFS to peaceably repossess the Manufacturing Equipment. (Ex. A at § 7, § 9; Ex. B at § 7, § 9.)

27.     Under Section 3 of the Finance Agreements, FGL, CarrollClean and Montgomery agreed that the Manufacturing Equipment would remain, at all times, at the address identified in the Finance Agreements, and that it would be used only for commercial purposes at that specific location.  (Ex. A at § 3; Ex. B at § 3.)

28.     On or about June 3, 2020, VFS, LLC assigned all of its rights under Finance Agreement 1 to Plaintiff and on June 11, 2020, VFS, LLC assigned all of its rights under Finance Agreement 2 to Plaintiff.

29.     FGL, CarrollClean and Montgomery took possession of the Manufacturing Equipment in or around June 2020 and have made continued use of it at all relevant times since.

### *Payment Defaults*

30.     FGL, CarrollClean and Montgomery failed to remit the monthly installment payments due under the Finance Agreements on the dates due for October 2021.

31.     On November 3, 2021 Plaintiff made a demand on FGL, CarrollClean and Montgomery for payment of the October and November 2021 Finance Agreement payments.

32.     FGL, CarrollClean and Montgomery thereafter failed to cure the payment default and failed to remit any further payments.

33.     On January 20, 2022, Plaintiff made a demand on FGL, CarrollClean and Montgomery as well as Mr. Zehr for the entire indebtedness.

34.     As of the date of this complaint, FGL, CarrollClean, Montgomery and Mr. Zehr as guarantor have failed to pay the entire indebtedness.

35.     As of the date of this complaint, on FGL, CarrollClean, Montgomery and Mr. Zehr as guarantor have failed and refused to make the payments required by the Finance Agreements.

36.     The failure of FGL, CarrollClean and Montgomery to make payments constitute defaults under the Finance Agreements.

37.     The failure or Mr. Zehr to make payment as guarantor constitutes a default of his guaranty.

38.     Plaintiff has been damaged by Defendants' breaches of the Finance Agreements and the Guarantees, in an amount exceeding $601,898.49 (comprised of $371,661.59 due under

Finance Agreement 1 and $230,236.90 due under Finance Agreement 2), which does not include contractual costs or fees, including attorneys' fees, that have been incurred to date.

## COUNT I:
## BREACH OF CONTRACT
### (FGL, CarrollClean and Montgomery)

39.     Plaintiff incorporates the above allegations as if fully restated herein.

40.     Plaintiff and FGL, CarrollClean and Montgomery are parties to Finance Agreement 1.

41.     Finance Agreement 1 is a valid, binding, and enforceable contract between Plaintiff and FGL, CarrollClean and Montgomery.

42.     Plaintiff has timely and completely performed all of its obligations under Finance Agreement 1.

43.     FGL, CarrollClean and Montgomery breached Finance Agreement 1 by, *inter alia*, failing to make payments as required.

44.     Plaintiff has been damaged by FGL, CarrollClean and Montgomery's breach of Finance Agreement 1.

WHEREFORE, Plaintiff CM TFS, LLC, as assignee of VFS, LLC, respectfully requests that the Court enter a judgment against FGL, CarrollClean and Montgomery, in an amount exceeding $601,898.49 plus late fees and attorneys' fees as required by the parties' contracts, and grant Plaintiff all such relief which is just and appropriate under the circumstances.

## COUNT II:
## BREACH OF CONTRACT
### (*FGL, CarrollClean and Montgomery*)

45.     Plaintiff incorporates the above allegations as if fully restated herein.

46.     Plaintiff and FGL, CarrollClean and Montgomery are parties to Finance Agreement 2.

47.     Finance Agreement 2 is a valid, binding, and enforceable contract between Plaintiff and FGL, CarrollClean and Montgomery.

48.     Plaintiff has timely and completely performed all of its obligations under Finance Agreement 2.

49.     FGL, CarrollClean and Montgomery breached Finance Agreement 2 by, *inter alia*, failing to make payments as required.

50.     Plaintiff has been damaged by FGL, CarrollClean and Montgomery's breach of Finance Agreement 2.

WHEREFORE, Plaintiff CM TFS, LLC, as assignee of VFS, LLC, respectfully requests that the Court enter a judgment against FGL, CarrollClean and Montgomery, in an amount exceeding $601,898.49 plus late fees and attorneys' fees as required by the parties' contracts, and grant Plaintiff all such relief which is just and appropriate under the circumstances.

### COUNT III:
### REPLEVIN
(*FGL, CarrollClean and Montgomery*)

51.     Plaintiff incorporates the above allegations as if fully restated herein.

52.     FGL, CarrollClean and Montgomery are default under the Finance Agreements.

53.     Under the terms of the Finance Agreements and applicable law, Plaintiff is entitled to immediate possession of the Manufacturing Equipment upon the default of FGL, CarrollClean and Montgomery.

54.     FGL, CarrollClean and Montgomery have expressly granted to Plaintiff the right to possession of the Manufacturing Equipment upon default.

55.     Plaintiff is the first priority secured creditor of the Manufacturing Equipment, is lawfully entitled to possession of the Manufacturing Equipment, and FGL, CarrollClean and Montgomery are wrongfully detaining the Manufacturing Equipment.

56.     Upon information and belief, FGL, CarrollClean and Montgomery are making continuous use of the Manufacturing Equipment in order to generate revenue and conduct business, but FGL, CarrollClean and Montgomery are failing to make the required payments to Plaintiff or otherwise comply with the terms of the Finance Agreements.

57.     Upon information and belief, the Manufacturing Equipment has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or an attachment against the property of the Plaintiff.

58.     The Manufacturing Equipment consists of independent pieces of property which had an original cost and value of $1,012,175, as set forth in the Financing Agreements, with an estimated auction value of $416,000.00.

59.     Plaintiff seeks judgment based on the allegations set forth above and MCL §600, *et seq*., as made applicable to this proceeding by Fed. R. Civ. P. 64.

60.     WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against FGL, CarrollClean and Montgomery:

    a.  Ordering FGL, CarrollClean and Montgomery to turn over the Manufacturing Equipment to Plaintiff;

    b.  Determining that Plaintiff is entitled to permanent possession of the Manufacturing Equipment; and

4870-6163-3036.v3

c.   Awarding damages to Plaintiff, together with interest, costs and actual attorney fees and such other legal and equitable relief as this Court shall deem proper.

**COUNT IV**
**BREACH OF FINANCE AGREEMENT 1 GUARANTY**

61.   Plaintiff incorporates the above allegations as if fully restated herein.

62.   Plaintiff and Mr. Zehr are parties to the Finance Agreement 1 Guaranty, which is a valid, binding, and enforceable contract.

63.   Plaintiff has performed all of its obligations under the Finance Agreement 1.

64.   Mr. Zehr breached the Finance Agreement 1 Guaranty by, *inter alia*, failing to pay when required.

65.   Plaintiff has demanded that Mr. Zehr comply with the Finance Agreement 1 Guaranty, but he has failed and refused to do so.

66.   Plaintiff has been damaged by Mr. Zehr's breach of the Finance Agreement 1 Guaranty.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in its favor and against Mr. Zehr, in an amount that exceeds $601,898.49, plus all interest, fees, and cost of collection, including attorneys' fees, that have accrued, plus all other relief which is just and appropriate under the circumstances.

**COUNT V**
**BREACH OF FINANCE AGREEMENT 2 GUARANTY**

67.   Plaintiff incorporates the above allegations as if fully restated herein.

68.   Plaintiff and Mr. Zehr are parties to the Finance Agreement 2 Guaranty, which is a valid, binding, and enforceable contract.

4870-6163-3036.v3

69.     Plaintiff has performed all of its obligations under Finance Agreement 2.

70.     Mr. Zehr breached the Finance Agreement 2 Guaranty by, *inter alia*, failing to pay when required.

71.     Plaintiff has demanded that Mr. Zehr comply with the Finance Agreement 2 Guaranty, but he has failed and refused to do so.

72.     Plaintiff has been damaged by Mr. Zehr's breaches of the Finance Agreement 2 Guaranty.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in its favor and against Mr. Zehr, in an amount that exceeds $601,898.49, plus all interest, fees, and cost of collection, including attorneys' fees, that have accrued, plus all other relief which is just and appropriate under the circumstances.

Respectfully submitted,

/s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Thomas Coughlin (P40561)
JAFFE, RAITT , HEUER & WEISS, P.C.
Attorneys for Plaintiff
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@jaffelaw.com
tcoughlin@jaffelaw.com

Dated: February 11, 2022